Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>NAYOMI GARCED FIGUEROA<br><br>Apelante | TA2025AP00051 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>K LE2024G0117<br>K LE2024G0118<br>K LE2024G0119<br>K LE2023M0022<br><br>Por: Art. 5.07(c); Art. 7.06; Art. 5.07(b); Art. 7.02, Ley 22 |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de junio 2026.

Comparece ante nos la señora Nayomi Garced Figueroa ("señora Garced Figueroa" o "Parte Apelante") mediante recurso de *Apelación* presentado el 15 de enero de 2026. Nos solicita la revocación de la *Sentencia* notificada el 18 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud del referido dictamen, el foro primario condenó a la Parte Apelante a cumplir quince (15) años de prisión, por infracción a los Artículos 5.07(B) y 5.07(C), 7.02 y 7.06 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, según enmendada ("Ley Núm. 22-2000).[1]

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen apelado.

---

[1] Ley Núm. 22-2000, 9 LPRA sec. 5127(B) y (C), 9 LPRA sec. 5202, y 9 LPRA sec. 5206.

**I.**

Por hechos ocurridos el 18 de septiembre de 2022, el Misterio Público radicó cinco (5) acusaciones contra la señora Garced Figueroa, por infracción a los Artículos 5.07(B), 5.07(C), 7.02 y 7.06 de la Ley Núm. 22-2000, *supra.*[2] Particularmente, la fiscalía alegó que esta incurrió en la comisión de los siguientes actos:

> La referida acusada, NAYOMI GARCED FIGUEROA, allá en o para el día viernes 18 de noviembre de 2022, y en San Juan, Puerto Rico, que forma parte de la jurisdicción de San Juan, ilegal, voluntaria y con menosprecio de la seguridad de personas o propiedades conducía de forma imprudente y/o negligentemente temeraria, con claro menosprecio a la seguridad, el vehículo de motor marca KIA modelo RIO, color azul año 2019, tablilla JEA-008 por la Avenida Kennedy, en o cerca del elevado, carretera estatal #2 KM. 3.4 que conecta con 1 avenida Roberto H. Todd en dirección de San Juan a Bayamón, Puerto Rico, la cual es vía pública de Puerto Rico, consistente en que conducía dicho vehículo de motor en exceso de velocidad máxima establecida para dicha vía, bajo los efectos de bebidas embriagantes, en estado de embriaguez, dando lugar a que por tal imprudencia, negligencia y/o temeridad impactara por la parte trasera el vehículo que conducía KELVIN NIEVES MIRANDA y de la cual era pasajera la joven SUHEIL ALVAREZ RUIZ, su esposa, causándole a ella trauma severos que la incapacitaron física y mentalmente de manera total y permanente, que afecta y afectará severamente el funcionamiento fisiológico y capacidad mental. La referida imputada arrojó .134% de alcohol en su organismo.[3]

Luego de una serie de incidencias procesales, el foro primario celebró juicio por jurado. Tras escuchar la prueba desfilada, así como evaluar el material probatorio documental presentado, el jurado rindió veredicto de culpabilidad contra la Parte Apelante. En consecuencia, el foro *a quo* dictó el fallo recogido en la *Sentencia* emitida el 11 de diciembre de 2025, y notificada el 18 de diciembre de 2025, en la cual se estableció las siguientes penas:

---

[2] *Véase*, SUMAC TA, Entrada 13, *Exhibit 18, Acusaciones,* págs. 1-8.
[3] *Véase*, SUMAC TA, Entrada 13, *Exhibit 18*, pág. 3.

Habiendo sido la acusada debidamente juzgada por un jurado y declarada culpable del Artículo 5.07.C de la Ley 22 Menos Grave - K LE2024G0117 - el Tribunal en cumplimiento del veredicto del día 10 de septiembre de 2025, la condena a la pena de ocho (8) años de cárcel. Se impone multa de $5,000.00. Se impone el pago de $300.00 de la pena especial que dispone la Ley 183. Se suspende la licencia de conducir #4807728 por el término de cinco (5) años, a partir de que cumpla el término de la reclusión.

En cuanto al Artículo 7.06 de la Ley 22 - R LE2024G0119 - el Tribunal dicta sentencia de cinco (5) años de prisión. Se impone multa de $5,000.00. Se impone el pago de $300.00 de la pena especial que dispone la Ley 183. Se suspende la licencia de conducir #4807728 por el término de cinco (5) años, a partir de que cumpla el término de la reclusión.

Además, se impone el pago de restitución de $10,000.00. Se le concede el término de seis (6) meses para cumplir con este pago.

Se ordena la comparecencia compulsoria al Panel de Impacto a Víctimas.

Por el delito de Artículo 7.06 de la Ley 22 - K LE2024G0118 el Tribunal dicta sentencia de quince (15) años de cárcel. Se impone el pago de $300.00 de la pena especial que dispone la Ley 183.

Se ordena la comparecencia compulsoria al Panel de Impacto a Víctimas.[4]

Inconforme, el 15 de enero de 2026, la señora Garced Figueroa recurrió ante nos mediante escrito intitulado *Apelación*, en el cual le imputó al tribunal sentenciador la comisión de los siguientes errores:

A. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCI[Ó]N DE ABSOLUCI[Ó]N PERENTORIA PRESENTADA POR LA DEFENSA **AL NO PROBARSE LOS ELEMENTOS DE CADA DELITO M[Á]S ALL[Á] DE DUDA RAZONABLE**.

B. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA VIOLAR EL DERECHO A JUICIO R[Á]PIDO DE RANGO CONSTITUCIONAL DE LA APELANTE AL EXTENDER INDEBIDAMENTE EL JUICIO DEBIDO A LAS CONSTANTES AUSENCIAS SIN JUSTIFICAR DE UNO DE LOS DOS FISCALES **Y AL MANIFESTAR PARA R[É]CORD EL FISCAL PRESENTE EN SALA QUE NO PODIA CONTINUAR VIENDO EL CASO POR RAZONES NO JUSTIFICADAS**.

C. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR UNA CONVICCI[Ó]N POR MUERTE DE UNO DE LOS DOS PASAJEROS DE LA MOTORA **CUANDO LA CAUSA PR[Ó]XIMA DE LA MUERTE SE DEBI[Ó] A NUMEROSAS VIOLACIONES DE LEY DE TR[Á]NSITO POR PARTE DE ESTE Y LA FALTA DE EQUIPO PROTECTOR, LICENCIA M-1 Y LA ILEGALIDAD DE CONDUCIR UNA MOTORA SCOOTER EN UNA AUTOPISTA**.

---

[4] *Véase*, SUMAC TA, Entrada 1, *Sentencia*, pág. 1.

D. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA **AL ADMITIR LA PRESENTACI[Ó]N DE UN ALEGADO INFORME DE RECONSTRUCCI[Ó]N DE ESCENA ESPECULATIVO UN AÑO DESPU[É]S DE LOS HECHOS SIN BASE EN LA INVESTIGACI[Ó]N DE LA ESCENA DEL D[Í]A DE LOS HECHOS**.

E. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA **AL PERMITIR QUE PASARA AL JURADO EL RESULTADO DE UNA PRUEBA DE ALIENTO SIN TENER CAUSA PROBABLE Y SIN SEGUIR EL DEBIDO PROCESO EN LEY PARA HACERLA**. (Énfasis suplido nuestro).

**El 21 de enero de 2026, esta Curia emitió *Resolución*, en la cual le concedimos a la Parte Apelante un término improrrogable a vencer el 26 de enero de 2026 para acreditar qué método de reproducción de la prueba oral utilizaría, toda vez que en su escrito apelativo cuestiona la apreciación de la prueba.**

**En el plazo establecido, la señora Garced Figueroa, por conducto de su representante legal, sometió *Moción en Cumplimiento de Orden*, en la cual informó que no se requiere la transcripción de la prueba oral para adjudicar los señalamientos de error, según su criterio. Añadió que el recurso se puede atender con los *exhibits* que constan en los autos elevados.** Por último, adujo que su cliente se encuentra en un estado de indigencia. Por lo que, indicó que, de este Foro Intermedio no coincidir con su criterio, entonces procedería a efectuar las gestiones ante el foro primario concernientes a la reproducción del audio de la prueba oral sin trascribir.

**Examinada su petición, este Tribunal de Apelaciones emitió *Resolución* el 27 de enero de 2026, mediante la cual precisamos que esta Curia ostenta la discreción de autorizar el método de reproducción de la prueba oral que propicie la más rápida dilucidación del caso, a tenor con las Reglas 29 y 76 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __**

**(2025). En consecuencia, resolvimos que solo aceptaríamos la transcripción de la prueba oral como método de reproducción. Por tanto, concedimos un término improrrogable a vencer el 30 de enero de 2026, para anunciar si se propone reproducir la transcripción del juicio. Advertimos, a su vez, que, "de no cumplir con lo antes ordenado esta Curia podrá considerar renunciado todo señalamiento de error cuya adjudicación dependa, parcial o totalmente, de una evaluación de la prueba oral**".[5] (Énfasis nuestro).

Dentro del término concedido, la Parte Apelante, por conducto de su representante legal, radicó *Segunda Moción en Cumplimiento de Orden*. **En este escrito, su representante legal reconoció que el Tribunal de Apelaciones "tiene discreción para adoptar el método de reproducir todo o parte de la prueba oral".**[6] **No obstante, arguyó que** "[e]s el criterio profesional de **este abogado que no se requiere la transcripción literal de la prueba oral para adjudicar los planteamientos de error**".[7] (Énfasis nuestro). Añadió que la señora Garced Figueroa es indigente, por lo que, no puede costear los gastos de la transcripción. **Por tanto, reiteró que no transcribirá la prueba oral vertida en juicio, y litigará el caso a la luz de los *exhibits* que constan en el expediente**.

Atendida su moción, el 3 de febrero de 2026, este Tribunal de Apelaciones dictó *Resolución*, en la cual le otorgamos al Tribunal de Primera Instancia, Sala Superior de San Juan un término de cinco (5) días para elevar los autos originales del caso de epígrafe. **Así las cosas, resolvimos que la Parte Apelante cuenta con un término de treinta (30) días, computados a partir la notificación de la presentación de los autos originales**

---

[5] *Véase*, SUMAC TA, Entrada 7, págs. 1-2.
[6] *Véase*, SUMAC TA, Entrada 8, pág. 2.
[7] *Véase*, SUMAC TA, Entrada 8, pág. 2.

**ante esta Curia, para presentar su alegato.** Una vez presentado el alegato, el Pueblo de Puerto Rico tendrá un término de treinta (30) días para presentar su oposición al recurso. Transcurridos los términos aquí dispuestos, el caso se entenderá perfeccionado para consideración de este Tribunal.

Continuados los procedimientos, el 6 de marzo de 2026, este Foro Intermedio le notificó a la Parte Apelante, por conducto de su representante legal, que recibimos los autos originales del foro primario.

Tras la presentación de solicitud de prórroga, **este Tribunal emitió *Resolución* 1 de abril de 2026, en la cual le concedimos a la Parte Apelante un término vencer al 16 de abril de 2026 para someter el alegato**. Por lo que, dispusimos que la Parte Apelada tendría hasta el 18 de mayo de 2026, para someter su escrito en oposición. **De conformidad con lo anterior, la señora Garced Figueroa radicó *Alegato de la Parte Apelante* el 7 de abril de 2026.**

Por su parte, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General (Procurador General), el 18 de mayo de 2026, interpuso *Solicitud de Desestimación.* En esencia, argumentó que todas las alegaciones levantadas por la Parte Apelante versan sobre apreciación de la prueba. Sin embargo, puntualizó que la señora Garced Figueroa no presentó transcripción de la prueba oral que reflejara de manera fiel y exacta la prueba desfilada ante el foro primario. En esa línea, razonó que este Foro Apelativo no está en posición para adjudicar los méritos de la controversia, pues el recurso radicado no cumple con las exigencias establecidas el Reglamento de este Tribunal, *supra.* Por lo tanto, sostuvo que no se perfeccionó dicho recurso dentro del término jurisdiccional correspondiente, por lo que,

procede su desestimación, o en su alternativa, corresponde confirmar la *Sentencia* impugnada.

En reacción, el 19 de mayo de 2026, la señora Garced Figueroa presentó *Moción en Oposición a Desestimación*. En síntesis, reiteró que este es un caso en el cual "casi la totalidad de la prueba documental es exculpatoria o favorece los intereses de la Apelante".[8] Recalcó que no pretende levantar cuestionamiento en torno a la apreciación de la prueba. Por último, insistió en que evaluemos su recurso a la luz de los *exhibits* que constan en el expediente elevado del foro primario.

Con el beneficio de la comparecencia de las partes, procedemos a exponer el marco jurídico pertinente a la controversia ante nuestra consideración.

## II.
### A. Apelación criminal

En nuestra jurisdicción, "existe el derecho de todo acusado a apelar cualquier sentencia penal que recaiga en su contra". *Pueblo v. Rivera Ortiz*, 209 DPR 402, 419 (2022). Así, pues, la determinación de culpabilidad del acusado "es revisable en apelación, pues la apreciación de la prueba desfilada en un juicio es un asunto combinado de hecho y derecho". *Pueblo v. Torres Medina*, 211 DPR 950, 959 (2023): *Pueblo v. Rodríguez Pagán*, 182 DPR 239, 259 (2011). Aunque este derecho no se reconozca expresamente en nuestra Constitución, forma parte del debido proceso de ley, y adquiere una categoría cuasi constitucional una vez incorporado al sistema de justicia pública por acción legislativa. *Pueblo v. Rivera Ortiz, supra*, págs. 419-420; *Pueblo v. Prieto Maysonet*, 103 DPR 102, 106 (1974). En específico, la Regla 193 y 194 de Procedimiento Criminal, 32 LPRA Ap. II, R. 193-194,

---

[8] *Véase*, SUMAC TA, Entrada 15, pág. 4.

contemplan el derecho a presentar ante este Foro Intermedio el recurso de apelación para impugnar el dictamen de culpabilidad.[9]

El reconocimiento de este derecho dimana del siguiente entendido: "[e]l análisis de la prueba presentada requiere tanto de la experiencia del juzgador como de su conocimiento del derecho, elementos éstos necesarios para darle a la controversia una solución justa". *Pueblo v. Irizarry*, 156 DPR 780, 788 (2002). **En vista de lo anterior, este Tribunal de Apelaciones "tiene que garantizar que no se prive de dicho derecho al acusado convicto de una manera arbitraria, irrazonable, discriminatoria o que viole las garantías constitucionales del debido proceso de ley e igual protección de las leyes".** *Pueblo v. Rivera Ortiz*, *supra*, págs. 419-420; *Pueblo v. Esquilín Diaz*, 146 DPR 808, 816 (1998). (Énfasis nuestro).

### B. Adjudicación de culpabilidad a la luz de la apreciación de la prueba

La Carta de Derechos de la Constitución de Puerto Rico reconoce que, en todos los procesos criminales, el acusado gozará de la presunción de inocencia, hasta que se pruebe lo contrario. Art. II, Sec. 11, Const. PR, LPRA, Tomo 1. En virtud de este mandato, el inciso (1) de la Regla 304 de Evidencia preceptúa similarmente que toda persona es inocente de delito hasta que se demuestre lo contrario. 32 LPRA Ap. VI. R. 304. De igual modo, la Regla 110 de Procedimiento Criminal, dispone que "[e]n todo proceso criminal, se presumirá inocente al acusado mientras no se probare lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá". 34 LPRA Ap. II, R. 110.

---

[9] La Regla 193 de Procedimiento Criminal, *supra*, establece que "[l]as sentencias finales dictadas en casos criminales originados en el Tribunal de Primera Instancia podrán ser apeladas por el acusado en la forma prescrita por estas reglas". (Citas omitidas). De manera similar, la Regla 194 de Procedimiento Criminal, *supra*, lee así: "[l]a apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Apelaciones, dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada". (Citas omitidas).

Al amparo de esta garantía, "el peso de la prueba recae en el Estado, quien deberá presentar evidencia sobre la existencia de **todos los elementos del delito** y **su conexión con el acusado**". *Pueblo v. Toro Martínez*, 200 DPR 834, 856 (2018); *Pueblo v. García Colón I*, 182 DPR 129, 174 (2011). (Énfasis nuestro). Por tanto, para alcanzar una determinación de culpabilidad, la prueba del Ministerio Público tiene que ser satisfactoria, de manera que produzca la certeza o la convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Acevedo Estrada*, 150 DPR 84, 100 (2000). No obstante, si la prueba desfilada por el Estado produce insatisfacción en el ánimo del juzgador, estamos ante duda razonable y fundada. *Pueblo v. Cabán Torres*, 117 DPR 645, 652 (1986).

Cónsono con lo anterior, la duda razonable, según ha aclarado el Tribunal Supremo de Puerto Rico, "existe cuando el juzgador de los hechos siente en su conciencia insatisfacción o intranquilidad con la prueba de cargo presentada". *Pueblo v. García Colón I, supra*, pág. 175. Ello no significa que toda duda posible, especulativa o imaginaria tenga que ser destruida a los fines de establecer la culpabilidad del acusado con certeza matemática. Solo se exige que la prueba produzca certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Maisonave Rodríguez,* 129 DPR 49, 65 (1991). Ahora bien, en los casos donde la prueba no establezca la culpabilidad más allá de duda razonable, no puede prevalecer una sentencia condenatoria. Véase, *Pueblo v. Irizarry, supra*, pág. 789.

De otra parte, "los tribunales apelativos pueden considerar cualquier error de derecho cometido por el Tribunal de Primera Instancia". *Pueblo v. Rivera Ortiz, supra*, pág. 422. Ello incluye errores de derecho que comete el foro primario durante el

procedimiento judicial. *Íd.* Esto es así, pues la función de aplicar correctamente el derecho es privativa del juez y es por esa facultad que el tribunal está en libertad de aplicar la norma que estime pertinente y adecuada. *Íd.*

Así pues, "el alcance de nuestra función revisora está limitado por consideraciones de extrema valía". *Pueblo v. Toro Martínez, supra,* pág. 857. Por tanto, de ordinario, no se favorece la intervención de tribunales apelativos para revisar la apreciación de la prueba referente a la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Hernández Doble,* 210 DPR 850, 864 (2022). Esta normativa también aplica a los casos por jurado, según lo ha reconocido el Tribunal Supremo de Puerto Rico:

> **Cabe destacar que esta norma de deferencia apelativa aplica con igual rigor cuando lo que se tiene ante consideración del foro revisor es un veredicto de culpabilidad emitido por un Jurado.** *Pueblo v. Colón, Castillo, supra,* **pág. 580***; Pueblo v. Rivera Roble***s, 121 DPR 858, 869–870 (1988);** *Pueblo v. Cabán Torres, supra,* **págs. 653–654.** <u>**Es decir, los foros apelativos venimos obligados a prestar deferencia a las determinaciones de hechos y a la apreciación de la prueba que haga ya sea un juez o un panel de jurados. Nada en nuestro ordenamiento nos impone, ni nos permite, proceder de manera distinta ante la revisión de un fallo o un veredicto de culpabilidad**</u>. *Pueblo v. Negrón Ramírez,* 213 DPR 895, 914 (2024). (Énfasis nuestro).

Ello obedece a que el jurado es el más indicado para otorgar credibilidad y dirimir conflictos de prueba, ya que dicha institución es quien normalmente está en mejor condición de aquilatar la prueba, pues gozan de la oportunidad de ver y escuchar directamente a los testigos. *Pueblo v. Ruiz Ramos,* 125 DPR 365, 400-401 (1990) (citando a *Pueblo v. Pellot Pérez,* 121 DPR 791, 806 (1988)). Por ello, esta Curia solo intervendrá con la apreciación de los miembros del jurado cuando medie error manifiesto, pasión,

perjuicio o parcialidad. *Pueblo v. Negrón Ramírez, supra,* pág. 913.

Véase, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020).

### C. *Infracciones a la Ley Núm. 22-2000*

"El acto de conducir un vehículo de motor en estado de embriaguez o bajo los efectos de sustancias controladas constituye un grave peligro para nuestra sociedad, pues atenta contra el bienestar de los ciudadanos en las carreteras del País" *Pueblo v. Martínez Ladrón*, 202 DPR 409, 417–418 (2019). En virtud de lo anterior, la Asamblea Legislativa de Puerto Rico adoptó la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000 ("Ley 22-2000"), 9 LPRA sec. 5001, según emendada, a los fines de establecer una reglamentación ordenada y eficiente en materia de vehículos y tránsito para responder a las necesidades del pueblo. Al amparo de esta legislación se preceptúan las sanciones concernientes a aquellas violaciones de ley que presentan grave riesgo a la seguridad pública. Exposición de Motivos, Ley Núm. 22-2000, *supra. Veamos.*

En lo pertinente al recurso ante nuestra consideración, el Artículo 5.07(B) de la precitada ley tipifica el acto de conducir con imprudencia o negligencia que ocasiones lesión corporal, según lee a continuación:

> **(B) En aquellos casos en que la persona que condujere un vehículo <u>de forma imprudente o negligentemente</u> ocasione a otra persona <u>una lesión corporal que requiera hospitalización, tratamiento prolongado o genere un daño permanente o lesiones mutilantes</u>, incurrirá en delito menos grave <u>con una pena fija de tres (3) años de reclusión</u> y el Secretario le revocará <u>todo permiso o privilegio</u> de conducir por igual término. No obstante, lo anterior, si la persona que condujere un vehículo de forma imprudente o negligente, con menosprecio a la seguridad, que ocasione a otra persona una lesión corporal que requiera hospitalización, tratamiento prolongado o genere un daño permanente o lesiones mutilantes, se va a la fuga, incurrirá en delito grave con pena fija de (5) años de reclusión y el Secretario le revocará todo permiso o privilegio de conducir por igual término. Este término de reclusión deberá cumplirse de forma consecutiva con cualquier otro término de reclusión por los mismos hechos**. 9 LPRA sec. 5127(B). (Énfasis nuestro).

En esa misma línea, el Artículo 5.07(C) de la Ley Núm. 22-2000, *supra*, tipifica como delito grave el acto de conducir con imprudencia o negligencia, cuyo resultado ocasione la muerte de una persona:

> (**C) En aquellos casos en que la persona que condujere un vehículo de forma imprudente o negligentemente le ocasione la muerte a otra persona, incurrirá en delito grave con una pena de tres (3) años de reclusión. Si la persona conducía de forma temeraria, con claro menosprecio a la seguridad, y le ocasiona la muerte a otra persona, incurrirá en delito grave con una pena fija de ocho (8) años de reclusión y una multa de cinco mil (5,000) dólares. <u>No obstante, lo anterior, si la persona que conducía un vehículo de forma imprudente o negligente le ocasiona la muerte de otra persona y se va a la fuga, incurrirá en delito grave con una pena fija de quince (15) años de reclusión y una multa fija que no excederá de diez mil (10,000) dólares. El Secretario revocará todo permiso o privilegio de conducir concedido a toda persona convicta por infracción a este inciso por un término de cinco (5) años, contados a partir de la fecha en que culmine de cumplir la sentencia en cárcel. Este término de reclusión deberá cumplirse de forma consecutiva con cualquier otro término de reclusión impuesto por otro delito cometido como parte de los mismos hechos</u>**. 9 LPRA sec. 5127(C). (Énfasis nuestro).

Por otro lado, el inciso (a) del Artículo 7.02 de la Ley Núm. 22-2000, *supra*, penaliza el acto de conducir bajo los efectos de bebidas embriagantes, así:

> **(a) Es ilegal *per se*, que cualquier persona de veintiún (21) años de edad, o más, conduzca o haga funcionar un vehículo de motor, cuando su contenido de alcohol en su sangre sea de ocho centésimas del uno por ciento (0.08%) o más, según surja tal nivel o concentración del análisis químico o físico de su sangre o aliento**. 9 LPRA sec. 5202. (Énfasis nuestro).

Por último, el Artículo 7.06 de la pieza legislativa aquí citada fija las siguientes penalidades por conducir imprudente o negligentemente, y causar grave daño corporal a una persona, u ocasionarle la muerte a la luz de las circunstancias contempladas en esta legislación:

> **Si a consecuencia de la violación a lo dispuesto en los Artículos 7.01, 7.02 o 7.03 de esta Ley, un conductor causare grave daño corporal a un ser humano, incurrirá en delito grave con pena de cinco (5) años de reclusión, pena de multa no menor de mil (1,000) dólares ni mayor de cinco mil (5,000) dólares y pena de restitución. Además, conllevará la suspensión de la licencia de conducir por un término no menor de dos (2) años ni**

**mayor de siete (7) años, así como no impedirá otro proceso, por los mismos hechos, por infracción a los Artículos 7.01, 7.02 o 7.03 de esta Ley.**

**El Tribunal impondrá, además, la comparecencia ante un Programa de Panel de Impacto a Víctimas coordinado por la Comisión para la Seguridad en el Tránsito en colaboración con organizaciones de base comunitaria, sin fines de lucro o privadas. La persona convicta tendrá que pagar el costo del mismo, el cual no excederá de cincuenta (50) dólares. Cuando el convicto demuestre su incapacidad para sufragar el costo del programa, el mismo estará sujeto a horas de servicio comunitario en calidad de pago por el costo del programa. Será responsabilidad del convicto presentar evidencia ante el Tribunal de la participación en el referido Panel como condición indispensable para la devolución de su licencia de conducir.**

**Para los efectos de esta Ley, "grave daño corporal" significará aquel daño que resulte en la incapacidad física o mental, ya sea parcial o total, temporal o permanente, que afecte severamente el funcionamiento fisiológico, físico o mental de una persona. También, incluye un daño corporal que envuelva un riesgo sustancial de muerte, pérdida de la conciencia, dolor físico extremo, desfiguración prolongada y obvia, pérdida prolongada o incapacidad de la función de un miembro del cuerpo, órgano o facultad mental.**

**<u>Si a consecuencia de la violación a lo dispuesto en los Artículos 7.01, 7.02 o 7.03 de esta Ley, un conductor le ocasiona la muerte a otra persona, incurrirá en delito grave y se le impondrá una pena de reclusión por un término fijo de quince (15) años</u>**. (Énfasis nuestro). 9 LPRA sec. 5206. (Énfasis nuestro).

### D. *Normas reglamentarias respecto a los recursos de apelación criminal*

La Regla 2 del Tribunal de Apelaciones, *supra*, establece que en nuestro ordenamiento apelativo opera el principio de acceso a los tribunales:

**Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad y que informe a la ciudadanía sobre sus derechos y responsabilidades, conforme a los propósitos dispuestos en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003**. (Énfasis nuestro).

En armonía con lo anterior, nuestro cuerpo reglamentario procura "[o]frecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos", según preceptuado en el inciso (1) de la Regla 2 del Tribunal de Apelaciones, *supra*. Ahora bien, estos principios no implican que

las partes o sus abogados pueden incumplir los parámetros reglamentarios que rigen las formalidades en torno a la presentación de los escritos a nivel apelativo. Véanse, *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007). Por lo tanto, nuestro Reglamento incorpora una serie de formalidades para procurar el derecho que asiste a las personas acusadas, concernientes a la revisión apelativa.

En lo concerniente al recurso de epígrafe, la Regla 28 del Tribunal de Apelaciones, *supra*, preceptúa las formalidades que debe contener el alegato de casos criminales, a saber:

**Regla 28 — Contenido de los alegatos en casos criminales**

(A) Presentación del alegato de la parte apelante

La parte apelante presentará su alegato dentro del término de treinta días de haberse elevado el expediente de apelación, salvo que el Tribunal de Apelaciones disponga de otra forma.

(B) Cubierta

La cubierta contendrá solamente la Región Judicial de donde procede el recurso, el epígrafe del caso, el nombre, la dirección postal, el teléfono, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General. Si la parte apelante no estuviere representada por un abogado o una abogada, deberá indicar que comparece por derecho propio e incluir su dirección postal, dirección del correo electrónico, si la tuviera, y teléfonos.

(C) Cuerpo

(1) Todo alegato contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) El nombre de la parte apelante o apelantes y el número o números de los casos respecto a los cuales se apela.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y competencia del Tribunal de Apelaciones, la sentencia de la cual se apela, indicando el nombre del Juez o de la Jueza, el número del caso, la sala del tribunal y la fecha en que se dictó la sentencia.

**(c) Una relación fiel y concisa de los hechos del caso.**

(d) Un señalamiento de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

**(e) Una discusión de los errores planteados, incluyendo las citas y el análisis de las autoridades legales pertinentes.**

**(f) La súplica.**

(g) Una certificación acreditativa del envío de copia del alegato al Fiscal de Distrito o a la Fiscal de Distrito y al Procurador General o a la Procuradora General. (Énfasis nuestro).

**Por otro lado, cuando en los casos criminales la parte apelante impugne asuntos de apreciación de la prueba debe informar a este Foro Intermedio del mecanismo probatorio que acogerá a tales efectos. En atención a estos casos, la Regla 29 del Tribunal de Apelaciones, *supra*, establece la siguiente normativa:**

(A) Cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de certiorari es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, **deberá reproducir dicha prueba de conformidad con lo dispuesto en la Regla 76 de este Reglamento**.

(B) La parte apelante o peticionaria deberá, **en el término de diez días de la presentación de la Apelació**n, **acreditar que el método de reproducción de la prueba oral que utilizará es el que propicie la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos**. (Énfasis nuestro).

De manera específica, la Regla 76 del precitado cuerpo reglamentario, aplicable a todos los recursos, instaura los diversos medios de reproducción de la prueba oral, a saber: (1) regrabación, (2) transcripción y (3) exposición narrativa estipulada. La referida disposición reglamentaria faculta a este Tribunal de Apelaciones a solicitar la reproducción de la prueba oral, cuando así lo estime conveniente, según se esboza a continuación:

**Una parte que ha presentado un recurso ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones, no más tarde de diez días desde que se presentó el recurso, si se propone reproducir la prueba oral que desfiló ante el foro recurrido y si propone una transcripción, una exposición narrativa estipulada o algún otro método. La parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.**

**Si la parte ha impugnado la apreciación de la prueba por el foro recurrido, o si el Tribunal de Apelaciones considera que es necesario o conveniente examinar la prueba oral para adjudicar apropiadamente los señalamientos de error de la parte apelante,**

**peticionaria o recurrente, el Tribunal deberá, en ausencia de una expresión al respecto de dicha parte, ordenar a esta que informe, en un término razonable, si se propone reproducir la prueba oral y qué método propone para esto. Dicha orden deberá incluir una advertencia sobre la consecuencia de no reproducir la prueba oral de forma oportuna, lo cual podría incluir que se considere renunciado todo señalamiento de error cuya adjudicación dependa, parcial o totalmente, de una evaluación de la prueba oral**.

**A instancia de parte, o por iniciativa propia, el tribunal determinará si autoriza la reproducción de la prueba oral, así como el método que se utilizará para esto**. (Énfasis nuestro).

### III.

En el recurso de epígrafe, la señora Garced Figueroa señala que el foro primario erró al condenarla a quince (15) años de prisión. Argumenta que la muerte de la víctima ocurrió porque esta transitaba en una motora *scooter* sin equipo protector en una vía pública. Asimismo, por conducto de su abogado, puntualiza que los señalamientos de error presentados no abordan asuntos de apreciación de la prueba. Por tanto, nos solicita que evaluemos su recurso a la luz de los *exhibits* que constan en los autos elevados. En vista de ello, nos invita a revocar la *Sentencia* impugnada.

**De entrada, establecemos que, la Parte Apelante no nos colocó en posición adecuada para sustituir el ejercicio de apreciación de la prueba alcanzado por el jurado en su veredicto. A su vez, precisamos que, esta optó, por conducto de su representante legal, no acoger ninguno de los métodos de reproducción de la prueba oral contemplados en las Reglas 29 y 76 del Tribunal de Apelaciones, *supra*, a pesar de las múltiples oportunidades que le concedimos, y habérsele apercibido de las consecuencias que acarrea el incumplimiento con el aludido Reglamento. A esos fines, le indicamos a la Parte Apelante que el incumplimiento implicará que se entiendan renunciados los señalamientos de error en torno a**

**la apreciación de la prueba, según le advertimos en la _Resolución_ del 27 de enero de 2026.**[10]

Por otro lado, puntualizamos que, el _Alegato de la Parte Apelante_ radicado ante nos el 7 de abril de 2026 carece de una relación fiel y exacta de los hechos pertinentes del caso, de conformidad con la normativa dispuesta en la Regla 27 del Tribunal de Apelaciones, _supra._[11] Además, contemplamos que dicho escrito no contiene una discusión clara de los señalamientos de error esbozados, ni están fundamentados en la normativa jurídica aplicable, según exige la precitada regla apelativa. **De igual manera, subrayamos que dicho alegato constituye, más bien, un resumen de la prueba, a la luz de la teoría jurídica levantada por la señora Garced Figueroa, por conducto de su representante legal, sin proveer una relación de hechos precisa, ni brindar una exposición adecuada del derecho pertinente a sus alegaciones.**

**Ahora bien, como indicamos en el acápite anterior, los tribunales apelativos estamos llamados a garantizar "el derecho de todo acusado a apelar cualquier sentencia penal que recaiga en su contra".** _Pueblo v. Rivera Ortiz, supra_, pág. 419. (Énfasis nuestro). **Ello, pues, el derecho a apelar un dictamen de culpabilidad forma parte del debido proceso de ley, porque que está incorporado al sistema de justicia pública por acción legislativa.** Véanse, Reglas 193 y 194 de Procedimiento Criminal, _supra_; _Pueblo v. Rivera Ortiz, supra_, págs. 419-420; _Pueblo v. Prieto Maysonet, supra_, pág. 106.

En aras de salvaguardar este derecho, nos compete pronunciarnos respecto a la corrección del dictamen apelado. Reiteramos, pues que, no estamos en posición de sustituir la

---

[10] _Véase_, SUMAC TA, Entrada 7, págs. 1-2.
[11] _Véase_, SUMAC TA, Entrada 13, págs. 1-21.

determinación de culpabilidad alcanzada por el jurado, toda vez que la Parte Apelante no nos colocó en posición a tales fines, al no presentar la transcripción de la prueba oral, tal como se le ordenó, y al no discutir de manera clara los señalamientos de error en su alegato. Ante este hecho, la Parte Apelante esboza que por razón de indigencia no puede cumplir con la orden de este Tribunal de proveer la transcripción del proceso judicial en el foro de instancia. No empece a ello, no consta en el expediente de autos la *Solicitud para Declaración de Indigencia* (Formulario OAT 1480) a tales fines. No obstante, la señora Garced Figueroa alega, por otro lado, que nada le impide al Procurador General solicitar la transcripción requerida. **Sin embargo, le recordamos que el peso de la prueba a nivel apelativo lo tiene la Parte Apelante, quien debe demostrar que el tribunal sentenciador incurrió en error manifiesto, prejuicio o parcialidad**. Véanse, *Pueblo v. Negrón Ramírez, supra*, pág. 913; *Pueblo v. Rivera Montalvo, supra*, pág. 373.

Por tanto, somos deferentes al dictamen alcanzado ante el foro primario, el cual es consistente con el estado de derecho vigente y descansa en la prueba desfilada durante la celebración del juicio, la cual fue aquilatada por los miembros del jurado. *Veamos.*

Surge del expediente ante nos que, el 18 de noviembre de 2022, la señora Garced Figueroa condujo en exceso de velocidad, bajo estado de embriaguez, un vehículo de motor, marca KIA, tablilla JEA-008, color azul, en claro menosprecio de la seguridad pública, mientras transitaba por la Avenida Kennedy (carretera estatal núm. 2, kilómetro 3.4).[12] Particularmente, "[l]a referida imputada arrojó .134% de alcohol en su organismo", en violación

---

[12] *Véase*, SUMAC TA, Entrada 13, *Exhibit* 18, *Acusación*, págs. 1-8; Exhibit 2, *Informe de Escena Choque Grave o Fatal*, págs. 1-12; *Exhibit 17, Informe Pericial: Análisis de la Escena (Parte I)*, págs. 10-45.

al Art. 7.02 de la Ley Núm. 22-2000, *supra,* según consta en el expediente judicial.[13] Por desplegar esa conducta antijurídica y reprochable, la Parte Apelante impactó la motora, marca YAMAHA (2022), modelo GQX, tablilla 287172M, en la cual transitaban las víctimas.[14] Por lo anterior, ocasionó la muerte al señor Kelvin Nieves Miranda[15], y provocó graves lesiones corporales a la señora Suheil Álvarez Ruiz, en evidente infracción a los Artículos 5.07(B), 5.07(C) y 7.06 de la Ley Núm. 22-2000.[16]

En vista de ello, colegimos que el Ministerio Público cumplió con la carga probatoria requerida al demostrar (1) la existencia de todos los elementos del delito y (2) su conexión con la Parte Apelante. Por consiguiente, el Estado derrotó la presunción de inocencia que le asistía a la señora Garced Figueroa al demostrar más allá de duda razonable su culpabilidad. Véanse, *Pueblo v. Toro Martínez, supra,* pág. 856; *Pueblo v. García Colón I, supra,* pág. 174. Advertimos, a su vez, que la Parte Apelante no ha presentado prueba que nos conduzca a resolver lo contrario.

Ante tales circunstanciadas, nos corresponde ser deferentes al ejercicio de apreciación de la prueba adoptado por el jurado, quien tuvo ante sí el desfile de la evidencia testimonial y documental. Véase, *Pueblo v. Negrón Ramírez, supra,* pág. 914. Es decir, fue quien vio y escuchó a los testigos declarar sobre los hechos concernientes al caso y respecto a la prueba documental allí presentada. En virtud de lo anterior, no intervendremos en el dictamen apelado, el cual no reviste abuso de discreción, prejuicio, parcialidad, o error manifiesto en la aplicación o interpretación de norma jurídica procesal o sustantiva por parte del foro primario.

---

[13] *Véase,* SUMAC TA, Entrada 13, *Exhibit 18,* pág. 3.
[14] *Véase,* SUMAC TA, Entrada 13, *Exhibit 5, Registro sobre choques fatales y graves,* pág. 1; *Exhibit 17, Informe Pericial de la Escena,* pág. 2.
[15] *Véase,* SUMAC TA, Entrada 13, *Exhibit 10, Informe Médico de Forense,* págs. 1-8.
[16] *Véase,* SUMAC TA, Entrada 13, *Exhibit 5, Registro sobre choques fatales y graves,* pág. 1; *Exhibit 17, Informe Pericial de la Escena,* págs. 1-45.

**IV.**

Por los fundamentos que anteceden, declaramos ***No Ha Lugar*** la *Solicitud de Desestimación* presentada por el Procurador General, y **confirmamos** la *Sentencia* notificada el 18 de diciembre de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones